FILED'08 SEP 29 15:53 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RAFAEL DURAN-ROMERO

       Defendant.

02-CR-91-BR
02-CR-180-BR

OPINION AND ORDER

RAFAEL DURAN-ROMERO
ID #66013-065
FCI-Yazoo City Low
P.O. Box 5000
Yazoo City, MS 39194-5000

       Plaintiff, *Pro Se*

KARIN J. IMMERGUT
United States Attorney
THOMAS H. EDMONDS
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#60) to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On March 12, 2002, Defendant Rafael Duran-Romero was indicted on one count of Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), Case No. 02-CR-91-BR.

On May 8, 2002, the government filed an Information in which it charged Defendant with one count of Conspiracy to Possess with Intent to Distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii), Case No. 02-CR-180-BR.

On May 8, 2002, Defendant pled guilty to Distribution of Methamphetamine in Case No. 02-CR-91-BR and Conspiracy to Possess with Intent to Distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine in Case No. 02-CR-180-BR.

In the Plea Agreement, the United States noted it would be filing a written notice of enhancement of the maximum statutory penalties for Defendant's offenses pursuant to 21 U.S.C. § 851

2 - OPINION AND ORDER

based on Defendant's prior felony drug conviction. The Plea Agreement also indicated Defendant is a career offender under United States Sentencing Guideline (U.S.S.G.) § 4B1.1 based on his prior convictions and current offense, which results in a base offense level of 37, a criminal history category of VI, and an advisory Sentencing Guideline range of 360 months to life.

In the Presentence Investigation Report, it was determined Defendant qualified as a career offender under § 4B1.1 due to Defendant's prior drug convictions. On that premise, Defendant's total offense level was calculated at 34 after the three-level reduction for acceptance of responsibility under § 3E1.1. Based on a total offense level of 34 and a criminal history category of VI, the advisory Sentencing Guideline range was 262-327 months. The Presentence Investigation Report recommended a sentence of 262 months. The government agreed with the calculations in the Presentence Investigation Report.

The Plea Agreement also provided the government would move pursuant to § 5K1.1 for a downward departure if Defendant gave substantial assistance in the investigation or prosecution of others who committed offenses. In its Sentencing Memorandum, however, the government pointed out that Defendant breached the Plea Agreement by refusing to provide truthful information in debriefings and in his testimony. The government, therefore, declined to move for a downward departure under U.S.S.G. § 5K1.1.

3 - OPINION AND ORDER

On July 14, 2003, the Court held a sentencing hearing in both cases. On that date, the Court entered a Judgment sentencing Defendant to a term of 262 months imprisonment to be followed by eight years of supervised release served concurrently in both cases.

In its Statement of Reasons, the Court adopted the Presentence Investigation Report and noted it did not depart from the advisory Sentencing Guideline range.

On May 21, 2008, Defendant filed a Motion to Modify Sentence in Case No. 02-CR-91-BR pursuant to 18 U.S.C. § 3582(c)(2) based on recent changes in the advisory Sentencing Guidelines concerning crack cocaine offenses. Because Defendant is proceeding *pro se* and because Defendant's assertions are also applicable to Case. No. 02-CR-180-BR, the Court construes Defendant's challenge to apply to his sentences in both Case Nos. 02-CR-91-BR and 02-CR-180-BR.

## DISCUSSION

As noted, Defendant moves to reduce his sentence based on changes in the advisory Sentencing Guidelines concerning crack cocaine.

**I. Changes in advisory Sentencing Guidelines**

A district court may retroactively reduce the term of imprisonment of a defendant "based on a sentencing range that has

4 - OPINION AND ORDER

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Whether to reduce a sentence under § 3582(c)(2) is a discretionary decision." *United States v. McDougherty*, No. CR 88-00504 MMM, 2008 WL 752597, at *3 (C.D. Cal. Mar. 18, 2008)(citing 18 U.S.C. § 3582(c)(2)). *See also United States v. Townsend*, 98 F.3d 510, 512 (9th Cir. 1996) ("[T]he decision whether to reduce a sentence under § 3582 is within the discretion of the district court judge."); *United States v. Cueto*, 9 F.3d 1438, 1440 (9th Cir. 1993)("Courts have discretion to reduce a previously imposed term of imprisonment when the Sentencing Commission reduces the sentencing range, and the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'").

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the advisory Sentencing Guidelines to address the disparities between sentences based on crack and powder cocaine. Amendment 706 altered the drug-quantity table in U.S.S.G. § 2D1.1(c) and lowered the ratio between crack and powder cocaine offenses, which resulted in lower offense levels for defendants facing sentencing for crack cocaine offenses than they would have faced before the Amendment. Thus, Amendment 706 qualifies as a reduction for which the Court may, in its discretion, retroactively reduce a term of imprisonment. U.S.S.G. § 1B1.10(c).

5 - OPINION AND ORDER

Although § 1B1.10(a)(1) permits a retroactive reduction in sentence if "the guideline range applicable to [ ] defendant has been . . . lowered as a result of an amendment to the Guidelines Manual listed in subsection c," § 1B1.10(a)(2)(B) provides a reduction in a defendant's sentence is not authorized when the amendment in question (Amendment 706 in this case) "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B). In addition, Application Note 1(A) provides a reduction under § 3582(c)(2) is not authorized when

> "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline* or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)."

*United States v. Moore*, Nos. 08-11230, 08-11341, 08-11484, 08-11526, 08-13132, 2008 WL 4093400, at *4 (11th Cir. Sept. 5, 2008) (quoting U.S.S.G. § 1B1.10, comment 1(A))(emphasis in *Moore*). The issue here, therefore, is whether Defendant was sentenced "based on" a career offender advisory Sentencing Guideline range (a range that has not been lowered by the Sentencing Commission and is not lowered by Amendment 706) or sentenced "based on" § 2D1.1.

## II. Analysis

Defendant asserts his sentence was based on the provisions in § 2D1.1, which have been amended, rather than on his career-

6 - OPINION AND ORDER

criminal status under § 4B1.1. The record, however, does not support Defendant's assertion. The Court's Statement of Reasons, the Plea Agreement, and the Presentence Report are unequivocal: Defendant was a career criminal and, as such, was sentenced within the advisory Sentencing Guideline ranges applicable to career offenders under § 4B1.1. Defendant's base offense levels under § 2D1.1 did not govern the calculation of these ranges nor Defendant's sentence. The Court, therefore, concludes Amendment 706 does not have the effect of lowering Defendant's applicable advisory Sentencing Guideline range because of the operation of § 4B1.1. *See Moore*, 2008 WL 4093400, at *3.

Accordingly, the Court denies Defendant's Motion to Modify Sentence.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#60) to Modify Sentence pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

DATED this 29th day of September, 2008.

ANNA J. BROWN
United States District Judge